[Cite as *Steele v. Ohio Dept. of Transp.*, 2011-Ohio-6581.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAUL STEELE

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2011-04886-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}    Plaintiff, Paul Steele, filed this action against defendant, Department of Transportation (ODOT), contending that his vehicle was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 South in Delaware County.  Specifically, plaintiff asserted that his passenger side wheels were damaged as a result of striking a pothole on I-71 southbound.  In his complaint, plaintiff requested damage recovery of $448.54, which represents the cost of two replacement wheels and other related repair expenses.  The $25.00 filing fee was paid.

{¶2}    Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's incident which defendant stated occurred on March 4, 2011.  Defendant notes that plaintiff's incident occurred "near state milepost 130.64 or county milepost 9.67 on I-71 in Delaware County." Defendant contended that plaintiff did not produce any evidence to establish the length of time the pothole at milepost 130.64 on Interstate 71 existed prior to his March 4, 2011 damage occurrence.

{¶3}    Furthermore, defendant contended that plaintiff failed to offer evidence to prove that ODOT negligently maintained the roadway.  Defendant asserted that plaintiff

has not shown his property damage was attributable to conduct on the part of ODOT personnel. Defendant explained that the ODOT "Delaware County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered at milepost 130.64 on Interstate 71 the last time that particular section of roadway was inspected prior to March 4, 2011. The claim file is devoid of any inspection record. Defendant did submit a copy of the "Maintenance History" for Interstate 71 in Delaware County covering the dates from September 1, 2010, to March 4, 2011. This record shows that ODOT crews patched potholes only in the northbound lanes of I-71 during that time period.

{¶4} Nonetheless, defendant admitted having notice of the pothole at milepost 130.64 two weeks before plaintiff's incident and advised that the pothole on Interstate 71 had been repaired. According to the documents submitted by defendant, the pothole was reported to ODOT on February 18, 2011, and the repair was completed on February 25, 2011. This pothole patching operation does not appear on defendant's Maintenance History listing.

{¶5} Plaintiff did not file a response.

{¶6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an

insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. No. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶10} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.

{¶11} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD.

{¶12} In this case, upon review, sufficient evidence has been produced to infer that the roadway was negligently maintained. *Denis.* The damage-causing defect in the instant action appears to have been formed when an existing patch from February 25, 2011, deteriorated. A patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. See *Matala v. Ohio Department of Transportation*, 2003-01270-AD, 2003-Ohio-2618; *Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479.

{¶13} According to the investigation report submitted by defendant, plaintiff's vehicle was damaged by a pothole that had been patched as recently as February 25, 2011, and the repair patch had failed by March 4, 2011. The fact that the pothole plaintiff's car struck deteriorated in a time frame of less than seven days warrants application of the standard expressed in *Matala*; *Fisher v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-04869-AD, 2007-Ohio-5288. See also *Romes v. Ohio Dept. Of Transp.*, Ct. of Cl. No. 2008-01286-AD, 2008-Ohio-4624. Negligence in this action has been proven and defendant is liable to plaintiff for all damages claimed, $448.54, plus the $25.00 filing fee costs. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAUL STEELE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-04886-AD

Acting Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $473.54, which includes the filing fee. Court costs are assessed against defendant.

                                        DANIEL R. BORCHERT
                                        Acting Clerk

Entry cc:

Paul Steele                         Jerry Wray, Director
530 Dawsett Avenue           Department of Transportation
Galion, Ohio  44833           1980 West Broad Street
                             Columbus, Ohio  43223

7/13
Filed 8/1/11
Sent to S.C. reporter 12/20/11